**VILI, SIOPITU, and FAATOA, Plaintiffs**

v.

**FAIIVAE, Defendant**

No. 1-1906

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Tia"]

Date unknown

E. M. GURR, *Senior Member of Court;* MAUGA, *Associate Member*

DECISION

One Vili entered suit against Faiivae claiming a section of a block of land known as "Tia" and which is delineated in the plan before the Court marked "A" and colored red. Upon investigation, it transpired that Vili claimed only an interest in the land in conjunction with two women, relatives of his mother, Malia, viz., Faatoa and Siopitu. Thereupon the Court ordered that the names of these two women should be joined as plaintiffs.

Faatoa and Siopitu are daughters of Paipai, and Malia (deceased) was a half sister of Paipai, who, by virtue of his right to the land as a descendant of Faiivae Sootoo, or (as expressed by them, Faiivae Leoo) vested all his interest in Faatao, Siopitu and Malia, who cultivated and reaped the produce of the land until Faiivae Ioane forcibly took possession and prohibited the three women from making further use of the property, and they have been prevented from enjoying their rights to the land from that time to the present. The defendant Faiivae is a brother of Faiivae Ioane. He claims that the land is the absolute property of his branch of the Faiivae family, and that no other division of the family, nor any other Faiivae who may be elected from the members of the other branches can have and claim any interest in the land. It is admitted by the plaintiffs that the titled chief of the settlement known as "Tia" is "Faiivae" but they deny the right of the present holder to the title. Both parties agree that at one time the block of land known as "Tia" was subdivided by a former Faiivae amongst the several members of the Faiivae fam-

ily. The defendant, notwithstanding this admission, claims not only the land in dispute, but all other sections of Tia, which were apportioned out amongst the divisions of the tribe.

A number of years ago, a section of Tia was given over to the London Missionary Society for their work in Tutuila, and subsequently the Mission abandoned the place for reasons concerning health. Matthew Hunkin, the father of the defendant (who is also known as Alfred Hunkin), owned a section of land in Manua and he transferred his interest in the Manua land to the London Missionary Society for the section of Tia, which had been previously occupied by the Society. By right of such exchange, the defendant avers that all claims to the Faiivae divisions, who had been entitled to those sections, were forfeited. The section of Tia, which was occupied by the Mission is delineated on the plan marked "A" colored blue. The plaintiffs allege that after this transaction, Faiivae Ioane asserted his ownership to the land which was used by the Mission, and also the section adjoining, being the land now in dispute. The Court does not intend to decide the question of ownership to the lands adjoining the section claimed by the plaintiffs. The object in referring to those lands is merely to state an introduction to the claim of the defendant.

After the subdivision of the land Tia, as before stated, the office of "Faiivae" was vacant, and in the absence of any titular head, the family divisions pursued their avocations on the lands allotted them; the parents of the plaintiffs and the plaintiffs themselves occupied and cultivated the land now claimed. One Sipai was then elected to be the "Faiivae" but not giving satisfaction to the family, Ioane, the son of Matthew Hunkin, was appointed. Sipai and Ioane held the title contemporaneously until the former retired. Faiivae Ioane was then the reputed head of the family. The plaintiffs have raised the question of the right of

the sons of Matthew Hunkin, whose wife was alleged to have been a member of the Faiivae family, to the title. As to whether they have a right through their mother to the name "Faiivae" or not, is of little consequence. It is sufficient that both Ioane and the present Faiivae have held the position of head of the family, and have been recognized as the chief "Faiivae" for many years. But, can the holder of the title "Faiivae" assume absolute ownership of the family lands and deprive the other members of their rights as claimed by the present Faiivae? The Court decides that he cannot. The relationship which exists between the "Faiivae" and the plaintiffs is somewhat similar to that which exists between a Guardian and Ward. These women being the only surviving members of their branch of their family, suffered, as it were, a disability which precluded them from asserting their rights as against the chief of the tribe.

And for this reason, the Court considers that here in Samoa, when a weaker branch of a family is deprived of its rights through the superior rank or force of the head chief, no period of occupancy should be reckoned in declaring that the chief has title by prescription. To apply the rule concerning adverse possession amongst members of the same family would result in an injury and injustice. Siopitu and Faatoa claim through Paipai, who is descended from Nona, a daughter of the Faiivae, who subdivided the land. Nona was a sister of Faapuaiga, one of the divisions of the Faiivae family, who received a share of Tia. No other claimants under this branch have come forward, and the Court concludes that the plaintiffs are the only persons who have any claim under that branch of the Faiivae family.

Faiivae also claims that he is descended from a daughter of Faiivae Sootoo, and if his statement were admitted his grandmother Vaiapua would be a sister of Nona. But this is contradicted by Siopitu, who states that the grandmother of Faiivae was Agasamoa, who dwelt in her father's fam-

ily. The Court is satisfied that Siopitu and Faatoa are direct descendants of Faiivae Sootoo and that the portion of land claimed by them is the section awarded by a former Faiivae to their branch of the family, and that they have a right to the same. Paipai, the father of Siopitu and Faatoa, having vested in the mother of Vili an interest in the land, he also is entitled to a joint interest with Siopitu and Faatoa; and it is ordered that a decree issue vesting the property in Siopitu, Faatoa and Vili, the plaintiffs herein.

Court costs to be assessed—1/3 of which shall be paid by plaintiffs and 2/3 by the defendant.